## LOUIS MARRIER, APPELLANT, *v*. CHARLES J. LEE, ANNIE HIGGINS, GEORGE HIGGINS, AND S. W. TAYLOR, RESPONDENTS.

1. PURCHASER WITH NOTICE OF MORTGAGE—AFTER ACQUIRED TITLE.— One who purchases real estate, with notice of an existing mortgage thereon, stands in the same relation to the mortgagee, as that of the mortgagor, and is, with the mortgagor, estopped from asserting an after-acquired title to defeat the mortgage.

Appeal from the Third Judicial District Court.
The facts appear in the opinion of the court.

*Jno. R. McBride* and *Woods & McKay*, for appellant.
The defendants, Higgins, took their conveyance after the possessory title had vested in the occupants, their grantor, by virtue of the mayor's entry, and with notice of the mortgage, and in the purchase the amount of the mortgage was deducted

from the price. They, as well as the mortgagor, were bound by the mortgage. *Clark* v. *Baker*, 14 Cal. 612; *Galveston R. R. Co.* v. *Condry*, 11 Wall. 481; 3 Greenl. Ch. N. J. 377, 402; *Winslow* v. *Mitchell*, 2 Story, 644; 23 How. U. S. 123; *Pennock* v. *Coe*, 23 How. 117; 32 N. H. 484.

The parties are estopped by the mortgage, and this applies to privies as well as the mortgagor. See authorities cited above. 12 How. U. S. 24; 4 Otto, 477; 18 Wall. 309; 33 Cal. 264; 3 Cal. 263; 18 Cal. 466.

This last case affirms the rule laid down in *Clark* v. *Baker*, 14 Cal. 612, and enforces it with emphasis.

*Bennett & Harkness*, for respondents.
No brief on file.

EMERSON, J., delivered the opinion of the court:

The appeal is from a judgment dismissing the complaint as to Annie E. Higgins and George Higgins.

The action was brought to foreclose a mortgage given by defendant, Lee, to the appellant, and from the findings it appears that Lee was in the actual occupancy of certain premises in Salt Lake City, the legal title to the same being in the mayor of said city, in trust under the "town site laws." With a full knowledge of this, and of the existence of the mortgage, the amount of which was taken into account in the purchase the defendant, Taylor, purchased the premises, receiving a deed therefor from Lee. Taylor subsequently acquired the legal title from the mayor, and on the same day conveyed the premises to the respondent, Annie E. Higgins, she also having full knowledge and notice of the mortgage. Upon the hearing the bill was dismissed as to the respondents, Higgins, it being determined that they held the property "free and clear of said mortgage."

This action of the court, we think, was error.

The respondents, Annie E. and George Higgins, having purchased the property with notice, stand in the same relation

to the mortgagee as the defendant, Lee, and are with him equally estopped from setting upon an after-acquired title to defeat the mortgage. *Clark* v. *Baker*, 14 Cal. 612; *San Francisco* v. *Lowton*, 18 Cal. 477.

The judgment of the court below, in dismissing the bill as to the respondents, is reversed, and the cause is remanded, with directions to enter a decree of foreclosure subjecting the privies to said mortgage.

SCHAEFFER, C. J., and BOREMAN, J., concurred.